**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOSEPH JOHNSON,

        Petitioner,

v.                                             CASE NO. 95-CV-76196
                                               HONORABLE JOHN CORBETT O'MEARA
TERRY PITCHER,                                 UNITED STATES DISTRICT JUDGE


        Respondent,

_____/

**OPINION AND ORDER (1) REOPENING THE CASE TO THE COURT'S**
**ACTIVE DOCKET, AND (2) TRANSFERRING THE MOTION TO AMEND THE**
**PETITION FOR WRIT OF HABEAS CORPUS [DKT. # 66] TO THE COURT OF**
**APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

## I. Introduction

Before the Court is petitioner's *pro se* motion to amend the petition for writ of

habeas corpus, in which seeks to add a claim to his 1995 habeas petition, which

challenged his 1985 conviction for second-degree murder.  For the following reasons, the

Court orders the Clerk of the Court to reopen the case to the Court's active docket.  The

Court further orders that the motion to amend the petition for writ of habeas corpus be

transferred to the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).

## II. Background

Petitioner previously filed two petitions for writ of habeas corpus, in which he

challenged his 1985 conviction for second-degree murder.  In 1990, petitioner filed his

first habeas corpus petition, alleging that the prosecutor withheld a key prosecution

1

witness's criminal record and that the state trial court refused to hold an evidentiary hearing on whether the witness committed perjury at petitioner's trial.  This Court's predecessor, Judge Horace W. Gilmore, denied the petition on the ground that the alleged error was harmless. *See Johnson v. Prelesnik*, No. 90-cv-71484 (E.D. Mich. Dec. 10, 1990).

In 1995, petitioner filed the current petition, alleging the denial of the effective assistance of trial and appellate counsel.  Judge Gilmore dismissed the petition as a second or successive petition and as an abuse of the writ. *See Johnson v. Pitcher*, No. 95-76196 (E.D. Mich. Feb. 25, 1997); *appeal dism.* No. 97-1402 (6th Cir. Nov. 4, 1997).

Petitioner has also been denied permission five times by the Sixth Circuit Court of Appeals to file a successive habeas petition. *In Re Johnson,* No. 98-167 (6th Cir. Feb. 9, 1999); *In Re Johnson,* No. 99-2212 (6th Cir. Mar. 21, 2000); *In Re Johnson,* No. 14-1421 (6th Cir. Sep. 5, 2014); *In Re Johnson,* No. 14-2348 (6th Cir. Mar. 23, 2015); *In Re Johnson,* No. 15-1477 (6th Cir. Oct. 22, 2015).

Petitioner most recently attempted to file another habeas petition, which was denied on the ground that it was a successive habeas petition. *Johnson v. Mackie,* No. 15-14233 (E.D. Mich. Jan. 14, 2016)(Tarnow, J.).

Petitioner has now filed a motion to amend his 1995 habeas petition to add a claim that he has newly discovered evidence of a transcript from his co-defendant's jury trial which shows that the prosecutor's key witness testified that it was the co-defendant, and not petitioner, who removed the murder victim's pants and emptied his pockets.

2

Petitioner claims that this evidence relates back to his claim that trial counsel was ineffective for failing to impeach the victim with her false testimony and also shows that this witness committed perjury at petitioner's bench trial.

### III. Discussion

Petitioner seeks to reopen his case and reinstate his original habeas petition. The Court directs the Clerk of the Court to reopen the case to the Court's active docket in order to facilitate the adjudication of petitioner's motion. *See Heximer v. Woods*, No. 2:08-CV-14170, 2016 WL 183629, at * 1 (E.D. Mich. Jan. 15, 2016).

Petitioner has filed an application to amend and supplement his 1995 habeas petition. Because petitioner's proposed amended habeas petition is a successive challenge to this conviction, the Court must transfer this case to the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for a determination of whether petitioner should be permitted to file a successive habeas petition.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of

3

appeals authorizing the filing of such a successive motion or petition. *See Hervey v. United States,* 105 F. Supp. 2d 731, 735 (E.D. Mich. 2000)(citing *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999)).  When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997)(holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

When a habeas petitioner files what purports to be a motion to amend to a habeas petition, a federal court "must determine if it really is such a motion or if it is instead a second or successive application for habeas relief in disguise." *Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016).  Petitioner is seeking in his motion to amend the habeas petition to supplement already litigated claims with new evidence and possibly to raise new claims.  All of these claims are second or successive claims for habeas relief that this Court lacks jurisdiction to review in the absence of authorization from the Sixth Circuit. *Id.* at 323.  "A post-judgment motion to amend or Rule 60(b) motion that raises

4

habeas claims is a second or successive petition when that motion is filed after the 'petitioner has lost on the merits and exhausted her appellate remedies.'" *Id.* (quoting *Clark v. United States*, 764 F. 3d 653, 658 (6th Cir. 2014)).  Petitioner already was denied relief on his claims and has exhausted his appellate remedies with respect to this petition. Petitioner's motion is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization.

Moreover, to the extent that the petitioner is contending that the Sixth Circuit erred in declining to grant him permission to file a second or successive habeas petition, this Court would be without power to grant petitioner relief.  A district court lacks the authority to reinstate a habeas petitioner's second or successive petition for writ of habeas corpus after the Court of Appeals declines to grant petitioner leave to file such a petition. *See White v. Carter,* 27 Fed. Appx. 312, 313-14 (6th Cir. 2001).

Accordingly, the Clerk of Court is ordered to transfer the motion to amend the petition for writ of habeas corpus to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).  Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996).

## IV.  Conclusion

5

The Court **ORDERS** that:

(1) The Clerk of the Court reopen the case to the Court's Active Docket.

(2)  The Clerk of the Court is **ORDERED** to transfer the motion to amend the petition for writ of habeas corpus [Dkt. # 66] to the United States Court of Appeals for the Sixth Circuit for authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A) pursuant to 28 U.S.C. § 1631.


s/John Corbett O'Meara
United States District Judge

Date:  May 18, 2016


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 18, 2016, using the ECF system and/or ordinary mail.


s/William Barkholz
Case Manager

6